83 F.3d 432
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Laurie K. LAWSON, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security
Administration,[1] Defendant-Appellee.
 No. 95-5155.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1996.
 
 1
 Before KELLY and BARRETT, Circuit Judges, and BROWN,*** Senior District Judge.
 
 ORDER AND JUDGMENT[2]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff appeals from a district court order affirming the Secretary's denial of social security benefits. We examine the record as a whole to determine whether the Secretary's decision is supported by substantial evidence and adheres to applicable legal standards. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir.1994). For the reasons stated below, we reverse and remand for further proceedings.
 
 
 4
 The ALJ found plaintiff not disabled at step five under the medical-vocational guidelines (grids). See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(explaining five-step analysis in 20 C.F.R. 404.1520, 416.920). Plaintiff applied for review by the Appeals Council and, in conjunction therewith, submitted additional evidence of disability. (It is not clear why plaintiff did not submit this evidence initially to the ALJ, though we note she attended the hearing without the benefit of representation.) Of particular concern here is a letter from James Thomas, Ph.D., who interviewed and administered six psychological tests to plaintiff before the hearing and decision in this case. See II R. at 18. Dr. Thomas reported:
 
 
 5
 The testing strongly suggests that [plaintiff] is ... quite depressed at this time. She is having problems with her temper and admits to being quite frightened about life in general.... Her depression is quite pronounced on nearly every psychological instrument and the extent of her cry for help would suggest that she is suicidal.
 
 
 6
 ... At this time ... she is completely and emotionally distraught and lacks the ability to handle her feelings in a positive way.
 
 
 7
 She seems to have a long history of depression and may become suicidal if the pressure continues. I made the very strong recommendation to her that she get into psychotherapy immediately and that she is in danger of hurting herself or someone else.
 
 
 8
 Id. at 20-21. Along with Dr. Thomas's letter, plaintiff submitted more recent medical records reflecting additional symptomatology, diagnosis, and therapeutic intervention regarding depression. See id. at 10, 12, 14, 15, 16. Nevertheless, the Appeals Council denied review without any reference to these timely submitted materials. See id. at 4 (stating only that "[i]n reaching this conclusion [to deny review], the Appeals Council has considered the applicable statutes, regulations, and rulings in effect as of the date of this action.").
 
 
 9
 We have joined the majority of circuits in holding, pursuant to 20 C.F.R. 404.970(b), that "new evidence [submitted to the Appeals Council] becomes a part of the administrative record to be considered when evaluating the Secretary's decision for substantial evidence." O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir.1994); accord Perez v. Chater, 77 F.3d 41, __, 1996 WL 75776 at * 4 (2d Cir. Feb. 22, 1996)(following O'Dell ). The cited regulation specifically requires the Appeals Council to consider evidence submitted with a request for review "if the additional evidence is (a) new, (b) material, and (c) relate[d] to the period on or before the date of the ALJ's decision." Box v. Shalala, 52 F.3d 168, 171 (8th Cir.1995)(internal quote omitted); Wilkins v. Secretary, Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir.1991)(internal quote omitted); see also O'Dell, 44 F.3d at 858. If the Appeals Council fails to consider qualifying new evidence, the case should be remanded for further proceedings.
 
 
 10
 Whether Dr. Thompson's letter and the related material qualify as new, material, and chronologically pertinent is a question of law subject to our de novo review. Box, 52 F.3d at 171; Nelson v. Bowen, 855 F.2d 503, 506 (7th Cir.1988). "Evidence is new within the meaning of [ 404.970(b) ] if it is not duplicative or cumulative." Wilkins, 953 F.2d at 96; cf. Bradley v. Califano, 573 F.2d 28, 31 (10th Cir.1978)(applying same standard for judicial remand under 42 U.S.C. 405(g)). Plaintiff's evidence of depression highlighted a previously unappreciated complication of her physical condition and, thus, was neither duplicative nor cumulative.
 
 
 11
 Evidence is material to the determination of disability "if there is a reasonable possibility that [it] would have changed the outcome." Wilkins, 953 F.2d at 96; accord Nelson, 855 F.2d at 506; cf. Cagle v. Califano, 638 F.2d 219, 221 (10th Cir.1981)(applying same standard for 405(g) remand). Plaintiff's new evidence meets this standard by reasonably calling into question the disposition of the case (1) under the grids, see Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir.1993)(cautioning that "resort to the grids is particularly inappropriate when evaluating nonexertional limitations such as ... mental impairments")(quoting Hargis v. Sullivan, 945 F.2d 1482, 1490 (10th Cir.1991)), and/or (2) without further inquiry into the medical extent and vocational effect, if any, of plaintiff's diagnosed depression, see Carter v. Chater, 73 F.3d 1019, 1021-22 (10th Cir.1996); see also Cruse v. United States Dep't of Health & Human Servs., 49 F.3d 614, 617-18 (10th Cir.1995)(detailing requisite procedure for evaluating evidence of mental impairment).
 
 
 12
 Finally, temporal propinquity is clearly not an issue here. All of the new medical records submitted by plaintiff are dated prior to the ALJ's decision, and Dr. Thompson's examination was completed before the hearing. Cf. Box, 52 F.3d at 170, 172; see also Bates v. Sullivan, 894 F.2d 1059, 1061, 1064 (9th Cir.1990).
 
 
 13
 Accordingly, we hold that the new evidence submitted on plaintiff's administrative appeal should have been considered by the Appeals Council. This omission constitutes substantial legal error necessitating a remand for further proceedings consistent with the principles discussed herein. We do not reach any of the other issues raised on appeal, which relate to the ALJ's development and assessment of the evidence. These matters may be mooted by the proceedings conducted and/or the disposition reached on remand.
 
 
 14
 The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED, and the case is REMANDED with directions to remand, in turn, to the Commissioner.
 
 Entered for the Court
 Paul J. Kelly, Jr. Circuit Judge
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 ***
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3