Monte G. STEPHENS 446–56–9914, Plaintiff,

v.

John J. CALLAHAN [1], Acting Commissioner Social Security Administration, Defendant.

No. 96–CV–235–M.

United States District Court, N.D. Oklahoma.

July 22, 1997.

---

1. President Clinton appointed John J. Callahan to serve as Acting commissioner of Social Security, effective March 1, 1997, to succeed Shirley S. Chater. Pursuant to Fed.R.Civ.P. 25(d)(1) John J. Callahan is substituted as the defendant in this suit.

Mark E. Buckner, Tulsa, OK, for Plaintiff.

Peter Bernhardt, Asst. U.S. Attorney, Tulsa, OK, for Defendant.

## ORDER

McCARTHY, United States Magistrate Judge.

Plaintiff, Monte G. Stephens, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge, any appeal of this Order will be directly to the Circuit Court of Appeals.

Plaintiff was born June 26, 1951 and was 41 years old at the time of the hearing. He has a 12th grade education. In the past he has worked as a furnace worker, loader, security guard, and laborer. He has also worked as a church janitor and as an envelope loader. Plaintiff claims to be unable to work as a result of emotional, and mental problems. The ALJ determined that although Plaintiff was unable to perform his past relevant work, he was capable of performing work at all exertional levels but was limited by moderate depression and limitations on social interaction. Based on the testimony of a vocational expert, the ALJ determined that there are jobs available which Plaintiff could perform. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750–52 (10th Cir.1988) (discussing five steps in detail).

**2.** Plaintiff's October 9,1992 application for disability benefits was denied December 29, 1992 and was affirmed on reconsideration. A hearing before an Administrative Law Judge ("ALJ") was held October 11, 1994. By decision dated February 23, 1995 the AU entered the findings that are the subject of this appeal. The Appeals Council affirmed the findings of the AU on January 26, 1996. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

A psychiatric examination of Plaintiff was performed by Dr. Goodman on December 15, 1992, in connection with a previous application for benefits. Dr. Goodman diagnosed alcohol abuse and dependency, severe, continuous, currently in remission with Alcoholics Anonymous treatment; personality disorder, not otherwise specified, with passive aggressive and narcissistic traits. He reported that Plaintiff showed no evidence of any significant mood disturbance, psychotic illness or neurotic process. He could see no reason why Plaintiff could not do at least moderately complicated work activities as long as he remained sober. [R. 202–3].

After Dr. Goodman's evaluation, Plaintiff was admitted to Parkside from June 29, 1993 to July 12, 1993, when he was discharged to Parkside's partial hospitalization program where he remained until November 1993. Following his discharge from Parkside Partial Hospitalization, Plaintiff received treatment from Associated Centers for Therapy ( ACT ). ACT records cover November 1993 to February 1995 and consist of notes made by Plaintiff's therapist, case manager, and a medical doctor who periodically evaluated Plaintiff for the purpose of administering medication. At the time the ALJ rendered the decision in this case, the record before the AU only included Dr. Goodman's consultative exam [R. 201–204], and 49 pages of treatment notes and reports generated by Parkside personnel covering roughly a 5 month time-frame [R. 205–254]. The ACT records were not before the ALJ.

Plaintiff submitted the ACT records to the Appeals Council, as permitted by the relevant regulations. 20 C.F.R. § 404.970(b). The Appeals Council denied review of the case, stating:

The Appeals Council has also considered the contentions raised in your representative's letter dated March 27, 1995, as well as the additional evidence from Associated Centers for Therapy, Inc., dated November 10, 1993 through February 15, 1995 and from Jill Glenn, M.S. dated March 21, 1995, but concluded that neither the contentions nor the additional evidence provides a basis for changing the Administrative Law Judge's decision.

[R. 5]. The Appeals Council decision apparently entailed an examination of the merits of the entire record, including the new evidence, and necessarily embodies its conclusion that the additional evidence fails to provide a basis for changing the ALJ's decision. *See* 20 C.F.R. § 404.970(b); *Ramirez v. Shalala,* 8 F.3d 1449, 1455 (9th Cir.1993). The Tenth Circuit has ruled that such "new evidence becomes part of the administrative record to be considered when evaluating the Secretary's decision for substantial evidence." *O'Dell v. Shalala,* 44 F.3d 855, 859 (10th Cir.1994).

■ The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir.1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir.1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216–17, 83 L.Ed. 126 (1938)). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Pursuant to *O'Dell* this court is required to review the ACT treatment records and to determine whether, even considering the new evidence, the ALJ's decision is supported by substantial evidence.

The court is troubled that consideration of the ACT records will necessarily involve some degree of speculation as to how the ALJ would have weighed these records had

they been available for the original hearing. In a similar situation, the Eighth Circuit has stated that it "consider[s] this to be a peculiar task for a reviewing court." *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir.1994).

In *Riley*, the claimant submitted two additional doctors' reports to the Appeals Council as new evidence, the Appeals Council summarized the content of the reports and gave reasons why those reports did not affect the Appeals Council's conclusion that the ALJ's decision was in accord with the weight of the evidence. In the present case, the new evidence submitted to the Appeals Council constitutes the majority of the medical record both in terms of time span and page volume, and they cover the precise time-frame at issue. This court considers itself to be in a more peculiar position than the *Riley* Court. In *Riley*, the Appeals Council had at least given some reasons for its conclusion, in this case there is no such explanation. This is certainly at odds with the oft-stated requirement that the Social Security Administration discuss the evidence before it and explain the reasons for any unfavorable decision. 42 U.S.C. § 405(b).

42 U.S.C. § 405(b) directs the Commissioner of Social Security to:

> make findings of fact, and decisions as to the rights of any individual applying for a payment.... Any such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall* contain a statement of the case, in understandable language, *setting forth a discussion of the evidence*, and stating the Commissioner's determination and *the reason or reasons upon which it is based.* [emphasis supplied].

In *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir.1996), the Court explained:

> By Congressional design, as well as by administrative due process standards, this court should not properly engage in the task of weighing evidence in cases before the Social Security Administration. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.")

■ In this case, contrary to the statutory mandate that any unfavorable decision shall contain a discussion of the evidence, the ACT records are not discussed by anyone representing the Commissioner. This method of handling new evidence does not appear to be contrary to any regulation promulgated by the Commissioner. The court notes, however, that the Congressional grant of authority to the Commissioner to make rules and regulations and to establish procedures is limited to those which are not inconsistent with the statutes. 42 U.S.C. § 405(a). Any procedure adopted by the Commissioner which permits the Appeals Council to receive such a volume of relevant, new evidence and affirm denial of benefits without any discussion of the evidence is inconsistent with the § 405(b) requirement that an unfavorable decision contain a discussion of the evidence and a statement of the reasons upon which the denial is based. Without a doubt, a denial decision issued by an ALJ containing such an absence of discussion and explanation would be remanded for the reason that "[s]uch a bare conclusion is beyond meaningful judicial review." *Clifton*, 79 F.3d at 1009. However, this court is constrained to follow the dictates of *O'Dell*, 44 F.3d 855, which requires the court to consider the new evidence to determine whether it outweighs the evidence that was before the ALJ when he made his decision, without regard to the absence of any agency analysis of that evidence.

*O'Dell*. was an appeal from denial of a Social Security disability application. After the ALJ issued a denial decision, the claimant requested review by the Appeals Council and, like this case, new relevant evidence was submitted to the Appeals Council. The Appeals Council decided that the new evidence did not provide a basis for changing the ALJ's decision and denied review. The district court refused to consider the new evidence which was not before the ALJ. The Tenth Circuit held that the new evidence

submitted to the Appeals Council pursuant to 20 C.F.R. § 404.970(b) becomes part of the administrative record to be considered by the court when evaluating the Commissioner's decision for substantial evidence. *Id.*, at 859. The Tenth Circuit then proceeded to evaluate the new evidence and concluded that it did not "undermine" the denial decision. *Id.*

The *O'Dell* opinion does not indicate whether the Appeals Council provided any analysis of the new evidence. It merely states: "The Appeals Council decided that the new evidence did not provide a basis for changing the ALJ'S decision and denied review." *Id.*, at 857. *O'Dell* did not directly address the issue which concerns this court. Instead the court focused its attention on the question of whether the new evidence should be considered when evaluating the Commissioner's decision. However, the *O'Dell* opinion did mention the Seventh Circuit's holding in *Eads v. Sec. of Dept. of Health & Human Servs.*, 983 F.2d 815, 817–18 (7th Cir.1993), that appellate review for substantial evidence is restricted to the evidence before the ALJ. *O'Dell* also noted *Eads* concern for preserving the court's role as a reviewing court rather than factfinder. *O'Dell*, at 858. Since the Tenth Circuit mentioned *Eads* and rejected its rationale, it is apparent that the Tenth Circuit has considered the court's proper role with regard to new evidence.[3] Therefore, despite the fact that this court

regards the lack of analysis by the Appeals Council to be contrary to § 405(b), and despite the fact that consideration of the new evidence submitted to the Appeals Council forces the court to adopt the role of a factfinder, rather than a reviewing court, fidelity to *O'Dell* requires the court to proceed in that manner.

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ: (1) failed to follow the treating physician rule; (2) failed to properly develop the record; (3) failed to properly evaluate Plaintiff's credibility; (4) failed to properly interpret the vocational expert's testimony; and (5) included contradictory findings within his decision.[4]

## I.   TREATING PHYSICIAN RULE

It is well established that the Secretary must give controlling weight to the opinion of a treating physician if it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record, 20 C.F.R. § 404.1527(d)(1) and (2); *Kemp v. Bowen*, 816 F.2d 1469 (10th Cir.1987). A treating physician's opinion may be rejected if it is brief, conclusory and unsupported by medical evidence. However, good cause must be given for rejecting the treating phy-

---

**3.** The Tenth Circuit has reversed and remanded at least one unpublished case because the Appeals Council failed to say that it considered additional evidence. *Lawson v. Chater*, 83 F.3d 432 (Table), 1996 WL 195124 (10th Cir.(Okla.)). There, the Appeals Council stated only that "[i]n reaching this conclusion [to deny review], the Appeals Council has considered the applicable statutes, regulations, and rulings in effect as of the date of this action."

**4.** Relying on *James v. Chater*, 96 F.3d 1341 (10th Cir.1996), the Commissioner argues that Plaintiff failed to preserve his right to judicial review with respect to some of these issues as he did not first present them to the Appeals Council. *James* is not applicable to this case.

In *James* the Tenth Circuit announced a prospective rule. *Id.*, 96 F.3d at 1341 [emphasis supplied]. Henceforth, issues not brought to the attention of the Appeals Council on administra-

tive review may, given sufficient notice to the claimant, be deemed waived on subsequent judicial review. *Id.* at 1344. [emphasis supplied]. The *James* opinion was issued on September 19, 1996, 19 months after the ALJ's February 23, 1995 decision and 8 months after the Appeals Council Action. To apply *James* to the instant case would be to give the rule retroactive application, contrary to the express language in *James*.

Furthermore, the Court notes that the Court in *James* was unmistakably concerned that claimants be given notice that issues not raised may be deemed waived. The Court has examined the Notice of Decision which explains Plaintiff's administrative appeal rights and notes that it does not inform Plaintiff that failure to raise issues before the Appeals Council could result in a waiver.

sician's views and, if the opinion of the claimant's physician is to be disregarded, specific, legitimate reasons for rejection of the opinion must be set forth by the ALJ. *Frey v. Bowen,* 816 F.2d 508 (10th Cir.1987); *Byron v. Heckler,* 742 F.2d 1232 (10th Cir.1984).

Plaintiff alleges that the ALJ failed to adhere to this rule. Plaintiff points to a letter dated March 21, 1995 from his therapist at ACT which indicates that she had been seeing him on an out patient basis since December 20, 1995 and "[I] support his need for disability assistance. He has great difficulty with depression even though on medication. The records enclosed well support his lack of ability to work to support himself." [R. 270]. The Commissioner argues that the ACT letter is from a counselor and is not an acceptable form of evidence to support a finding of disability, citing 20 C.F.R. § 404.1527.

The record does not contain an opinion by any treating *physician* concerning Plaintiff's alleged inability to perform work functions. However, the ALJ and the court are not prohibited from considering the opinions of non-physician health care providers by the regulation cited by the Commissioner, 20 C.F.R. § 404.1527. Section 404.1527 refers to medical and treating sources, rather than physicians. However, the weight accorded an opinion will depend on a number of factors, including: length of treatment relationship, nature and extent of treatment relationship, the existence of relevant evidence to support the opinion, the consistency of the opinion with the record as a whole, and the area of expertise or specialty of the treating source. Since the ACT counselor's opinion was not before the AU, this court will conduct the analysis.

■ The court finds that although the therapist's letter states that Plaintiff is unable to work due to great difficulty with depression, that opinion is not supported by her treatment notes. While the ACT records report that Plaintiff occasionally has racing thoughts [R. 302, 290–91, 2861], he is usually described as being only mildly, slightly, or somewhat depressed. [R. 297, 294, 285, 281, 277, 277, 275]. The records also describe sleep problems, irrational thoughts [R. 297] and occasional periods of increased depression [R. 277], but these problems are infrequently noted. It is often noted that Plaintiff was alert, coherent, relevant, oriented, and goal oriented, and he was encouraged to keep busy with activities. [R. 275, 277, 278, 280, 281, 282, 284, 286, 289]. On balance, these records do not support the therapist's opinion that Plaintiff was unable to work, nor do they undermine the ALJ's decision.

■ Plaintiff also argues that the decision should be reversed because the ALJ ignored reports from Parkside. This contention is without merit. The ALJ discussed Plaintiff's Parkside admission, the treatment notes and discharge diagnosis. Based on the evidence of record, the AU found that Plaintiff's ability to perform the mental demands of basic work-related activities is limited by *moderate* depression and moderate restrictions on social interaction. [R. 16] This finding comports with the record as a whole as Plaintiff was described as having mild, slight, and some depression. The records also reflect that he volunteered part-time at a church, and no problems related to the volunteer work were discussed in the treatment records. [R. 281, 285, 290, 291, 293].

## II. FAILURE TO DEVELOP THE RECORD

Plaintiff states that the ALJ failed to develop the record but does not present a cogent argument related to this claim. The Court finds no support in the record for this claim.

## III. CREDIBILITY

Plaintiff argues that the case should be reversed for the ALJ's failure to explain his credibility determination. The Court finds that the ALJ adequately explained his credibility determination at page 16 of the record. Further, consideration of the ACT records do not undermine the ALJ's determination.

## IV. VOCATIONAL EXPERT

Plaintiff complains that the ALJ did not pose a proper hypothetical to the vocational expert at the hearing. Specifically, Plaintiff asserts that the ALJ erred in describing his depression to the vocational expert as "moderate," and therefore the ALJ's conclusion based on the vocational expert's testimony does not constitute substantial evidence. Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Commissioner's decision. *Hargis v. Sullivan,* 945 F.2d 1482, 1492 (10th Cir.1991). However, in posing a hypothetical question, an ALJ need only set forth those physical and mental impairments which are accepted as true by the ALJ. *See Talley v. Sullivan,* 908 F.2d 585, 588 (10th Cir.1990).

In support of his argument, Plaintiff points to the psychological report dated July 12, 1993, generated by George Patterson, Ph.D. [R. 214–215]. In that report Dr. Patterson related the results of several psychological tests which were performed "to aid in diagnosis and treatment planning." According to the report, the test "findings indicated a diagnosis on Axis I of Bipolar Disorder, Depressed, Severe without Psychotic Features." [R. 215]. Relying on the "Depressed, Severe" diagnosis, Plaintiff asserts that ALJ's hypothetical to the vocational expert was wrong. According to Plaintiff, the records from ACT showed that his depression continued at a rather severe level. The Court finds that, aside from the single entry on the psychological report, there is no other reference to Plaintiff's depression being severe. As previously discussed, his depression was described as mild and slight. The Court finds that the ALJ's hypothetical questioning to the vocational expert is supported by substantial evidence.

## V. CONTRADICTORY FINDINGS

The ALJ found that Plaintiff could not return to his past relevant work as a furnace worker, loader, security guard, laborer, custodian, and envelope loader. [R. 18]. However, based upon the testimony of the vocational expert, the ALJ found that there were a number of jobs within the national economy that Plaintiff could perform given his residual functional capacity, such as janitor, presser, dishwasher, machine operator, and hand packager. [R. 19]. Plaintiff states that work as an envelope loader (stuffer) is among the most simple and repetitive jobs in the economy, he argues that the finding of an inability to return to this work is incongruent with the finding of an ability to perform other simple activity in the national economy.

The Court agrees that the findings are somewhat incongruent. However, the record, viewed as a whole, does support the ALJ's finding that Plaintiff retains the ability to perform some work in the national economy. Accordingly, the Court declines to reverse the case.

### CONCLUSION

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the ALJ's decision. The Court has considered the new evidence submitted to the Appeals Council and concludes that consideration of that evidence does not require a change in the outcome. The ALJ's determination remains supported by substantial evidence. The decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.