**Connie L. ARENSMAN, Plaintiff,**

v.

**Kenneth F. APFEL, Commissioner of Social Security, Defendant.**

**No. Civ.A. 98–4042–DES.**

United States District Court, D. Kansas.

Jan. 13, 1999.

No. 97–1324. *Cf.* 42 U.S.C. § 2000e–2(c).

Steven M. Tilton, Topeka, KS, for Connie L. Arensman, plaintiff.

Nancy M. Caplinger, Office of United States Attorney, Topeka, KS, for Social Security, Commissioner of, Kenneth F Apfel, defendant.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

### I. INTRODUCTION

This matter is before the court on plaintiff's motion seeking reversal of the Social Security Commissioner's denial of disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* (Doc. 10).

### II. PROCEDURAL BACKGROUND

On June 9, 1994, plaintiff filed an application for disability benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401 *et seq.*, alleging that her disability began December 2, 1991. Her application was initially denied and was denied again on reconsideration. Plaintiff requested an administrative hearing. On March 7, 1996, the administrative hearing was held before an administrative law judge ("ALJ"). On April 26, 1996, the ALJ rendered a decision in which he found that Mrs. Arensman was not under a "disability" as defined in the Act.

Mrs. Arensman requested a review of that decision by the Appeals Council, and she submitted additional evidence to the Appeals Council, which was made part of the record. On March 30, 1998, the Appeals Council denied her request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

### III. FACTUAL BACKGROUND

Mrs. Arensman was born on March 5, 1963. Plaintiff is a high school graduate; however, she was in special education classes while attending school. Plaintiff

attended vocational classes in child care during her last year of high school.

Plaintiff lives with her husband and has no children, due to her Turner's Syndrome. She was last employed at Village Cleaners from December 30, 1993 to January 28, 1994. She was fired from that job because she was too slow.

Other facts relevant to plaintiff's medical history will be recited in the discussion below.

## IV. STANDARD OF REVIEW

[1–5] Title 42, § 405(g) of the United States Code provides for judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA"). The reviewing court must determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. 42 U.S.C. § 405(g); *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir.1994). Substantial evidence is adequate, relevant evidence that a reasonable mind might accept to support a conclusion. *Hargis v. Sullivan*, 945 F.2d 1482, 1486 (10th Cir.1991). "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir.1994) (citation omitted). "A finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir.1992) (quotations omitted). The reviewing court must also determine whether the Commissioner applied the correct legal standards. *Washington*, 37 F.3d at 1439. Reversal is appropriate not only for lack of substantial evidence, but also for cases where the Commissioner uses the wrong legal standards. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir.1994).

## V. COMMISSIONER'S DECISION

In the ALJ's April 26, 1996, decision, the ALJ made the following findings:

1. The claimant met the disability insured status requirements of the Act on December 2, 1991, the date claimant stated she became unable to work, and continues to meet them through December 31, 1998.

2. The claimant has not engaged in substantial gainful activity since December 1991.

3. The medical evidence establishes Turner's syndrome with right sided hemiparesis, borderline intellectual functioning with developmental reading and spelling disorders, leg length discrepancy, and pelvic obliquity; as well as discogenic degenerative disease of the cervical spine with scoliotic deformity, and diabetes; but that claimant does not have an impairment or combination of impairments listed in, or equal to one listed in Appendix 1, Subpart P, Regulation No. 4.

4. The claimant's complaints of disabling symptoms are not supported by the evidence and are not credible.

5. The claimant has the residual functional capacity to perform the requirements of work except for lifting or carrying more than 10 pounds, which is an exertional limitation; and non-exertional limitations in that she cannot perform activities more complex than simple repetitive activities, or activities not providing for a sit/stand option.

6. The claimant is unable to perform her past relevant work as a health care worker, day care worker, and retail courtesy clerk.

7. The claimant's residual functional capacity for the full range of sedentary work is reduced by her non-exertional limitations.

8. The claimant is 33 years old, which is defined as a younger individual.

9. The claimant has a limited education.

10. The claimant has no acquired work skills.

11. Based on an exertional capacity for sedentary work, and the claimant's age, education and work experience, Section 404.1569 of Regulation No. 4, and Rule 201.24, Table No. 1, Appendix 2, Subpart P, Regulation No. 4 would direct a conclusion of not disabled.

12. Vocational expert testimony establishes that the claimant's capacity for the full range of sedentary work has not been substantially compromised by her non-exertional limitations, and using the aforesaid Rule as a framework for decision making, the claimant is not disabled.

13. The claimant has not been under a disability, as defined in the Social Security Act, at any time through the date of this decision.

## VI. DISCUSSION

In order to determine whether a claimant is under a disability, the ALJ must follow the five steps set forth in *Reyes v. Bowen*, 845 F.2d 242, 243 (10th Cir.1988). Those five steps are as follows:

(1) A person who is working is not disabled. 20 C.F.R. § 416.920(b).

(2) A person who does not have an impairment or combination of impairments severe enough to limit the ability to do basic work activities is not disabled. 20 C.F.R. § 416.920(c).

(3) A person whose impairment meets or equals one of the impairments listed in the regulations is conclusively presumed to be disabled. 20 C.F.R. § 416.920(d).

(4) A person who is able to perform work [he] has done in the past is not disabled. 20 C.F.R. § 416.920(e).

(5) A person whose impairment precludes performance of past work is disabled unless the [Commissioner] demonstrates that the person can perform other work. Factors to be considered are age, education, past work experience, and residual functional capacity. 20 C.F.R. § 416.920(f).

*Id.* If the Commissioner finds that a person is or is not disabled at any point in this process, then the review ends. *Id.*

In this case, plaintiff claims that the ALJ misapplied step five of the above process. Specifically, plaintiff asserts that the ALJ's findings numbered 4, 5, 6, 11, 12, and 13 on page eight of his decision are not supported by substantial evidence. The court will address each of plaintiff's arguments below.

### A. Plaintiff's Allegations of Pain

Plaintiff first claims that the ALJ failed to follow the established Tenth Circuit standard for determining disability based upon pain. Specifically, plaintiff alleges that the ALJ did not examine the relevant factors for this determination. Instead, plaintiff asserts that the ALJ focused on an alleged lack of support in medical records for plaintiff's complaints of pain and a tendency to not be credible.

The framework for determining disability based upon pain was set forth in *Luna v. Bowen*, 834 F.2d 161 (10th Cir.1987). First, the agency decision maker must determine whether a pain-producing impairment, either psychological or physiological, is shown by objective medical evidence. *Id.* at 163. Next, the agency decision maker must determine if the impairment could reasonably be expected to produce the alleged pain. *Id.* Finally, the agency decision maker must consider all of the subjective and objective evidence in order to determine whether the claimant's pain is disabling. *Id.*

In this case, both parties agree that plaintiff meets the requirements of the first two steps in this evaluation. However, the parties dispute the application of the third step. At this final step, the ALJ determined that plaintiff's testimony was not credible. The defendant argues that the medical evidence does not show that

the plaintiff is as impaired as she alleged. In support of this contention, the defendant notes that plaintiff's activities included doing light housework, driving, cooking, shopping, collecting stamps, and square dancing. Therefore, the defendant asserts that these activities are inconsistent with total disability and support the ALJ's determination that plaintiff could perform some sedentary work. Furthermore, the defendant notes that the use of relatively mild pain medication weighs against plaintiff's complaints of disabling pain.

■ In determining a claimant's credibility with regards to subjective claims of pain, there are several factors which should be considered, including the following: persistent attempts to find relief for the pain and willingness to try any treatment prescribed, regular use of crutches or cane, regular contact with a doctor, the possibility that psychological disorders combine with physical problems, claimant's daily activities, and the dosage, effectiveness, and side effects of medication. *Luna v. Bowen,* 834 F.2d at 165–66.

■ Although the ALJ must consider plaintiff's subjective complaints, the ALJ does not have to accept them as true. *Underwood v. Bowen,* 807 F.2d 141, 143 (8th Cir.1986). A credibility determination is left to the ALJ as the trier of fact, and the ALJ's credibility findings are traditionally given particular deference. *Williams v. Bowen,* 844 F.2d 748, 755 (10th Cir.1988) (citing *Beavers v. Secretary of Health, Education and Welfare,* 577 F.2d 383, 387 (6th Cir.1978)). The ALJ's credibility findings must be affirmed if they are supported by substantial evidence on the record as a whole. *See Ellison v. Sullivan,* 929 F.2d 534, 537 (10th Cir .1990).

The court finds that there is substantial evidence to support the ALJ's determination. Plaintiff only takes non-prescription pain medication, which weighs against her complaints of disabling pain. *Noble v. Callahan,* 978 F.Supp. 980, 986 (D.Kan.1997). Furthermore, the record indicates that plaintiff's daily activities are not consistent with a finding of total disability. Plaintiff

is able to do some light housework, driving, cooking, and shopping, as well as square dancing. In addition, plaintiff had earnings over $5,000 for two of the years for which she was claiming disability. Although the ALJ found that did not constitute substantial gainful activity, the ALJ properly considered that as an indication of plaintiff's daily activities.

### B. Credibility Determinations

Plaintiff argues that the ALJ failed to make proper credibility determinations. In support of this argument, plaintiff states that plaintiff's attempt to work at Pizza Hut for three hours a day, six days a week can hardly be considered significant daily activities. in addition, plaintiff asserts that the ALJ selected only the medical evidence which supported his position and that the ALJ improperly made speculative inferences from the medical evidence.

As stated above, the ALJ's credibility findings are traditionally given particular deference. *Williams,* 844 F.2d at 755. The ALJ's credibility findings must be affirmed if they are supported by substantial evidence on the record as a whole. *See Ellison,* 929 F.2d at 537.

This argument is essentially the same argument which was addressed above. While plaintiff's employment at Pizza Hut, alone, may not constitute significant daily activities, it does lend support to the ALJ's finding of significant daily activities when considered together with plaintiff's other daily activities. Furthermore, the court has reviewed all of the medical evidence and finds that there is substantial evidence to support the ALJ's findings in this respect, as well.

### C. Mental Impairment (Psychiatric Review Technique Form)

■ Plaintiff argues that the ALJ did not properly consider plaintiff's mental impairment when he completed the Psychiatric Review Technique Form ("PRT form"). Plaintiff asserts that the ALJ did not consider the true extent of plaintiff's mental

impairment because testing revealed that she read and spelled at a third grade level and that her math skills were at a fifth grade level. Finally, plaintiff asserts that the testimony of the vocational expert indicated that plaintiff's deficiencies in concentration, persistence, or pace would make plaintiff unemployable.

Plaintiff's argument revolves around the ALJ's application of the Part B criteria.

To meet the listing requirements under the Part B criteria regarding the severity of the impairment, the condition or impairment must result in at least two of the following:

1. Marked restriction of activities of daily living; or

2. Marked difficulties in maintaining social functioning; or

3. Frequent deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere); or

4. Repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation (decompensation) or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behaviors).

*Cruse v. United States Dep't of Health & Human Serv.,* 49 F.3d 614, 617 (10th Cir. 1995) (citing 20 C.F.R. § 404.1520a(b)(3); *id.* Pt. 404, Subpt. P, App. 1, § 12.04 B).

The ALJ found that plaintiff had frequent deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner; however, he did not find that plaintiff had demonstrated any of the other three requirements. Since the ALJ completed the PRT form himself, he was required to "discuss in his opinion the evidence he considered in reaching the conclusions expressed on the form." *Cruse,* 49 F.3d at 618 (quoting *Washington v. Shalala,* 37 F.3d 1437, 1442 (10th Cir.1994)). The ALJ's opinion reflects that he considered evidence that plaintiff reads, despite her borderline intelligence, and that, by her own testimony, her memory was "pretty good." The defendant now points out, as well, that there is no evidence of **repeated** episodes of deterioration or decompensation in work or work-like settings. Defendant asserts that plaintiff's ability to maintain employment at Hypermart for three years, which she left due to physical problems, and at Pizza Hut for two years, which she left because she found a full-time job, clearly supports the ALJ's findings with respect to plaintiff's mental impairment.

■ When a plaintiff has worked with an impairment over a period of years, the "impairment cannot be considered presently disabling without showing there has been a significant deterioration of [plaintiff's] condition." *Noble,* 978 F.Supp. at 986 (citing *Browning v. Sullivan,* 958 F.2d 817, 821 (8th Cir.1992)). In this case, there is no claim that plaintiff's mental condition has deteriorated. Furthermore, plaintiff's work history shows that she is capable of maintaining employment for extended periods of time, despite her impairment. Finally, there is no evidence in the record to show that plaintiff had repeated episodes of deterioration or decompensation. As a result, plaintiff does not meet two of the four above-listed requirements. Therefore, upon review of all the evidence regarding plaintiff's work history and the evidence regarding plaintiff's mental impairment, the court finds that there was substantial evidence to support the ALJ's conclusions on the PRT form.

With regard to plaintiff's contention that the testimony of the vocational expert indicates that plaintiff's problems with concentration, persistence, or pace would make her unemployable, the court finds that the original hypothetical posed by the ALJ sufficiently set forth plaintiff's impairments as shown by the evidence. *See Roberts v. Heckler,* 783 F.2d 110, 112 (8th Cir.1985) (the hypothetical question is sufficient if it sets forth the impairments which are accepted as true by the ALJ).

The only evidence plaintiff cites to show her problems with concentration, persistence, or pace is that Village Cleaners terminated her employment because she was too slow and Dr. Hall stated that plaintiff might have difficulty making judgments or maintaining required speed as a result of her mild mental retardation. When considered together with plaintiff's ability to work for Hypermart and Pizza Hut for extended periods of time, there was substantial evidence to support the ALJ's findings. In response to the ALJ's original hypothetical, the vocational expert testified that plaintiff would be able to perform work as a food and beverage order clerk, telephone solicitor survey worker, and office helper. Therefore, the court concludes that the ALJ properly considered the testimony of the vocational expert.

### D. Severity of Non-Exertional Limitations

Plaintiff argues that her full scale I.Q. of 78 is a severe impairment and that the ALJ found her mental impairment to be severe in finding number 3. Therefore, plaintiff argues that the ALJ should have accepted plaintiff's testimony regarding her difficulties with memory, concentration, and pace on simple unskilled work.

Plaintiff further argues that the ALJ improperly left these difficulties out of the hypothetical which he posed to the vocational expert. Plaintiff states that this was corrected by plaintiff's representative at the hearing by posing these additional difficulties to the vocational expert. Therefore, plaintiff argues that the ALJ should have accepted the vocational expert's testimony that these additional difficulties would make plaintiff unemployable.

As an initial matter, the court notes that plaintiff is incorrect in her argument that the ALJ found her mental impairment to be severe. Finding number 3 states only that plaintiff has "borderline intellectual functioning with developmental reading and spelling disorders," but that she "does not have an impairment or combination of impairments listed in, or equal to one listed in Appendix 1, Subpart P, Regulation No. 4." Furthermore, while the court recognizes, and the defendant admits, that the ALJ's findings regarding plaintiff's non-exertional limitations on her ability to perform the full range of sedentary work are somewhat incongruent, the fact remains that the record, as a whole, supports the ALJ's finding that plaintiff retains the capacity to work as a food and beverage order clerk, telephone solicitor survey worker, and office helper. *See Stephens v. Callahan*, 971 F.Supp. 1388, 1394 (N.D.Okla.1997) (holding that, although the ALJ's findings are incongruent, the record, as a whole, supports the ALJ's finding that the plaintiff retains the ability to perform some work in the national economy).

### VII. CONCLUSION

Because the court finds that there is substantial evidence to support the ALJ's findings, the decision of the Commissioner must be affirmed.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's motion seeking reversal of the Social Security Commissioner's denial of disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* (Doc. 10) is denied.