Roy BOX, Appellant

v.

Donna E. SHALALA, Secretary of Health and Human Services, Appellee.

No. 94–3293.

United States Court of Appeals,
Eighth Circuit.

Submitted March 17, 1995.

Decided April 5, 1995.

Rehearing Denied April 28, 1995.

E. Gregory Wallace, Jonesboro, AR, argued for appellant.

Joyce Shatteen (HHS), Dallas, TX, argued for appellee.

Before WOLLMAN, BEAM and MURPHY, Circuit Judges.

DIANA E. MURPHY, Circuit Judge.

Roy Box appeals from the judgment entered in the district court[1] affirming the decision of the Secretary of Health and Human Services to deny him disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–433, and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381–1383c. He contends that the Secretary's decision that he is not disabled is not supported by substantial evidence. He argues that the evidence in the administrative record requires a finding that his mental retardation in combination with other conditions, including stomach pain and obesity, meet or equal a listed impairment and should be presumed disabling. He also asserts that the Appeals Council wrongly failed to consider additional evidence submitted after the decision of the administrative law judge (ALJ). We affirm.

At the time of his administrative hearing Box was thirty five years old, 5′ 4″ tall, and weighed 240 pounds. He had completed the twelfth grade in special education and had a sixteen year work history including jobs as a construction worker and a delivery truck driver. He worked for U–Haul, cleaning and driving trucks and heavy equipment, until he underwent surgery for a ruptured colon on October 21, 1991, the date he claims his disability began. He has not been employed since that date.

Box applied for benefits in October 1991, stating that he was unable to work because of his colon surgery and because he was a slow learner. The Social Security Administration (SSA) denied his request initially and upon reconsideration. On September 16, 1992, an administrative hearing was held. Box testified that his colostomy incision had not completely healed and that it hurt "every once in a while." When he felt the pain, he would walk to alleviate it. Box's mother testified that he "has days when his stomach hurts and other days when it does not." His sister testified that the colostomy incision had not healed properly and that Box could handle a job "if his stomach would let him."

Box's medical records indicate that Dr. John C. Cook performed the colon surgery, which involved a segmental sigmoid resection and sigmoid colostomy. Following the procedure, Box had some drainage problems around the incision, but no infection. Dr. Cook discharged Box on November 8, 1991, noting his "good condition" and "unremarkable recovery." On February 11, 1992, Box returned to Dr. Cook and underwent a final colostomy closure and laparotomy. At the time of discharge on February 17, 1992, Dr. Cook noted that Box's "wounds were healing well … and he was ambulating without assistance." Although Box was advised not to lift or drive, he was allowed to "proceed with progressive ambulation at home." Dr. Cook prescribed pain medication at that time and later gave Box the medication after he claimed he could not afford a prescription. In March, Dr. Cook prescribed a different medication in response to Box's complaints that the first was not working. Box last saw Dr. Cook on April 6, 1992. He complained of pain around his incision, but Dr. Cook noted that the wound was "healing" and "looked okay."

Box was examined by two doctors at the request of the SSA. The records from these examinations indicate that Box was obese but had normal pulmonary function. In addition, Box underwent psychological evaluations in December 1991 and August 1992. The results of his WAIS–R intelligence tests indi-

1. The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, sitting by consent of the parties.

cated that he had an I.Q. of between 60 and 70.[2]

The ALJ issued a decision on December 22, 1992. He evaluated Box's applications under the procedure established by the Secretary for determining disability. 20 C.F.R. §§ 404.1520, 416.920. He found that although Box was not engaged in substantial gainful activity and his mental retardation was a severe impairment, he did not have an impairment or combination of impairments listed in or medically equal to those contained in Appendix 1 of the regulations. He found that Box's complaints of pain were not fully credible and that Box was not precluded from performing his past relevant work and therefore was not disabled.

Box requested review by the Secretary's Appeals Council, submitting additional medical records from examinations conducted after the ALJ's decision. The new evidence showed that on January 25, 1993, Box was seen, at his attorney's request, by William E. Wilkins, Ph.D, a licensed psychologist. A new WAIS–R test was administered and showed Box having a verbal I.Q. of 54, a performance I.Q. of 65, and a full scale I.Q. of 57. Dr. Wilkins diagnosed Box as suffering from mental disorders, including panic attacks, simple phobia, generalized anxiety disorder, early onset dysthymia, and dependent personality disorder. The new evidence also included the diagnosis of hypertension and high blood pressure by Dr. James Robinette, who saw Box several times between January 27 and March 10, 1993.

The Appeals Council received the new evidence into the record, but concluded that the medical reports did not relate to Box's condition during the period on or before December 22, 1992, the date of the ALJ's decision. It denied review, making the ALJ's decision the final agency action.

■ Box then filed this action in federal district court. The district court granted the Secretary's motion for summary judgment, holding that the decision to deny benefits was supported by substantial evidence in the

record. On appeal, we review the district court's grant of summary judgment de novo. *Matthews v. Shalala*, 10 F.3d 678, 679 (9th Cir.1993). Our role is to determine whether the Secretary's decision is supported by substantial evidence on the entire record. *Cook v. Bowen*, 797 F.2d 687, 690 (8th Cir.1986).

Box argues that the ALJ's decision that he is not disabled is not supported by substantial evidence in the record because his mental retardation, when combined with his other impairments, is of a severity listed in the Secretary's regulations as presumptively disabling. He also asserts that the Appeals Council failed to consider the new medical evidence submitted after the ALJ's decision. The Secretary responds that the record as a whole supports the finding that Box is not disabled and that the Appeals Council properly determined that the new evidence is not relevant to Box's condition during the period before the ALJ's opinion.

Under the Secretary's regulations, a claimant is presumed disabled if he has a severe impairment that meets the one year duration requirement and is listed in Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). Box claims that he meets the severity level of one of the listings, 20 C.F.R. § 404, subpt. P, App. 1, § 12.05C, which applies when a person has "[a] valid verbal, performance, or full scale I.Q. of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function." It is undisputed that Box meets the I.Q. requirement of listing 12.05C. The question is whether he also has an impairment imposing an "additional and significant work-related limitation of function."

■ The second component of listing 12.05C does not require that the additional impairment be disabling in itself. *Warren v. Shalala*, 29 F.3d 1287, 1291 (8th Cir.1994). Instead, it is satisfied when the effect of an additional impairment on the claimant's ability to perform work is "more than slight or minimal." *Cook v. Bowen*, 797 F.2d 687, 690 (8th Cir.1986) (citing *Nieves v. Secretary of Health & Human Servs.*, 775 F.2d 12, 14 (1st

---

**2.** In December 1991, Box had a verbal I.Q. of 65, a performance I.Q. of 65, and a full scale I.Q. of 63. The results in August 1992 were verbal I.Q.

of 62, performance I.Q. of 65, and full scale I.Q. of 62.

Cir.1985); *Edwards v. Heckler*, 755 F.2d 1513, 1515 (11th Cir.1985)).

■ First, Box claims that pain from his colostomy incision imposes a "more than slight or minimal" limitation on his ability to work and argues that the Secretary improperly discounted his complaints of pain. Subjective complaints of pain may be discounted if there are inconsistencies in the evidence as a whole. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984). Here, the ALJ found that Box's complaints were inconsistent with his medical treatment history, lack of pain medication, and activities. While Box complained of pain from the incision following his operations, the record shows that he did not seek any further treatment or pain medication after April 1992.[3] Nor did he take non-prescription pain relievers. Furthermore, Box's own complaints of continuing pain were not particularly strong. The Secretary's decision that Box's stomach pain was not an additional impairment under listing 12.05C is supported by substantial evidence.

■ Second, Box claims that his obesity limits his ability to work and that the Secretary failed to consider it. The record shows that Box's weight was between 240 and 287 pounds during the period for which he seeks benefits. Box did not claim a disability based on obesity in his application for benefits or at the administrative hearing. There is in fact no evidence in the record that his obesity imposed any limitations on his ability to work. There was no testimony at the hearing or medical evidence submitted regarding limitations imposed by his weight. Instead, the record shows that Box had a sixteen year work history in spite of his weight and that he felt he could return to

work but for his pain. In light of the evidence in the record, the fact that the Secretary's decision does not discuss obesity as an impairment is not fatal. The conclusion that Box's obesity was not an additional impairment under listing 12.05C is supported by substantial evidence.

■ Box also claims that the Appeals Council failed to consider his newly submitted evidence of mental disorders, hypertension, and lower I.Q. scores, and requests a remand for reconsideration. The Secretary's regulations provide:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b). This means that the Appeals Council must consider evidence submitted with a request for review "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Williams v. Sullivan*, 905 F.2d 214, 216–17 (8th Cir.1990). Its failure to do so may be a basis for remand by a reviewing court. *Id.* Whether the evidence is new, material and related to the relevant period is a question of law reviewed de novo.[4] *See id.* at 216; *Keeton v. Depart-*

---

3. Box asserts that he had a follow-up examination in May 1992 that was never included in the administrative record. Even if true, the May appointment does not alter the conclusion that at the time of the administrative hearing Box had not sought any treatment for pain for a significant period of time.

Box also contends that he could not afford pain medication. On the one occasion that he indicated to Dr. Cook that he could not afford medication, Dr. Cook gave it to him without charge. The record indicates that Box did not seek further treatment after April 1992, not that he could not afford it once prescribed.

4. In the district court the judge concluded that the 1993 report of Dr. Wilkins was "untimely" and that Box had not shown "good cause" for his failure to incorporate it into the record before the ALJ. If new evidence is presented directly to a reviewing court, the court may remand to the Secretary only if the evidence is material and the claimant shows "good cause for failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). That standard is not applicable here where the evidence was first submitted to the Appeals Council. *See Williams*, 905 F.2d at 216.

*ment of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir.1994).

In this case, the Appeals Council reviewed the new evidence and determined that it was not related to Box's condition prior to December 22, 1992. This indicates it did not consider the substance of the new evidence when it denied review of Box's claim. In support of its decision that the evidence was not related, the Council noted that the new evidence of mental disorders and hypertension was inconsistent with recent medical reports in the record which showed no complaints, symptoms, or treatment for either condition. It also noted that Box's lower I.Q. scores differed from those reported in November 1991 and August 1992 and concluded that any deterioration of mental capacity could not be persuasively related to the time period prior to the ALJ's determination.

After reviewing all of the evidence, we agree with the Appeals Council's conclusion that the newly submitted evidence is not persuasively related to Box's condition during the period prior to the ALJ's decision. The Appeals Council therefore was not required under § 404.970(b) to consider the new evidence or to grant review of Box's claim.

Box further asserts that the ALJ's decision is not supported by substantial evidence because the new evidence shows additional impairments imposing more than slight or minimal limitations on his ability to function, thereby satisfying listing 12.05C. Even if the new evidence were considered, however, the ALJ's decision would still be supported by substantial evidence in the record as a whole. The new evidence does not relate to the period prior to the ALJ's decision, and the record does not indicate that these conditions existed during the relevant period.[5] Moreover, even if we were to assume Box's additional mental impairments or hypertension manifested themselves prior to the ALJ's decision, there is no evidence in the record that they imposed any limitations on Box's ability to work.

Box also claims that the ALJ's decision is not supported by substantial evidence because his January 1993 WAIS–R scores indicate that he was presumptively disabled during the period before the ALJ's determination. Listing 12.05B provides that a claimant with a "valid verbal, performance, or full scale I.Q. of 59 or less" is presumptively disabled. In August 1992, four months prior to the ALJ's decision, Box's I.Q. scores ranged from 62 to 65. In January 1993, his full scale score and verbal score were both below 59. The new evidence does not indicate when Box's I.Q. fell below 59. The fact that it was above 60 several months prior to the ALJ's decision is substantial evidence on the record to support his findings.

Based on our review of the record, we find substantial evidence to support the ALJ's decision that Box was not disabled during the time period covered by this claim. The Appeals Council did not err in not considering the new evidence because it was not related to the period for which Box sought benefits. Box's current status is not before us, for this case relates only to his condition prior to December 22, 1992. The judgment of the district court is affirmed.

---

5. Box's emergency room admission record, taken prior to his colon surgery in October 1991, indicates that he reported taking blood pressure medication in the past. In addition, Box testified at his hearing that he suffered from high blood pressure. During the period for which he seeks benefits, however, Box was not diagnosed with or treated for hypertension or high blood pressure. Nor did he seek such treatment.