Dennis E. WILEY, Plaintiff,

v.

Shirley S. CHATER, Commissioner of Social Security, Defendant.

Civil Action No. 96–2255–KHV.

United States District Court, D. Kansas.

May 6, 1997.

---

448

*Memorandum and Order*

VRATIL, District Judge.

This case comes before the Court on Dennis E. Wiley's *Motion for Judgment* (Doc. # 6) filed October 11, 1996. Plaintiff asks the Court to reverse the Commissioner's decision to deny supplemental security income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*

## A. PROCEDURAL HISTORY

On April 26, 1993, plaintiff applied for supplemental security income (SSI) disability benefits under Title XVI (Tr. 353–65).[1] The Social Security Administration denied his request initially (Tr. 366–78) and upon reconsideration (Tr. 382–85). Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), who on February 18, 1995, determined that plaintiff was not disabled (Tr. 16–26). The Appeals Council denied plaintiff's request for review. (Tr. 7–8). The ALJ's decision thus stands as the final decision of the Secretary. *See* 20 C.F.R. §§ 404.981, 416.1481 (1996).

## B. FACTUAL BACKGROUND

Plaintiff, Dennis E. Wiley, is a 34–year–old man, *i.e.* a younger person under 20 C.F.R. 416.963. He has an eleventh grade education, which is considered a limited education under 20 C.F.R. 416.964. He has no past work experience except for three days as a bus boy in 1980. In September of 1976, plaintiff had heart surgery to repair an atrial septal defect. Plaintiff has suffered several physical and psychiatric impairments, including major depressive disorder, pancreatitis, history of heart surgery, and arthralgias. Plaintiff often has problems with chest, back, and abdomen pain. Plaintiff alleges that because of these conditions, he has been unable to work since June 1980.

---

1. Plaintiff has filed six other applications for Title XVI benefits, all of which the Commissioner denied initially or on reconsideration. Plaintiff filed a protective application on November 26, 1984, which the Administrative Law Judge (ALJ) denied and which plaintiff did not appeal. In reviewing the current application, the ALJ found no new and material evidence which would warrant reopening the prior determinations. The ALJ also found that the previous determinations were not obtained by fraud or similar fault. Therefore the doctrine of res judicata precludes a finding of disability prior to April 1993. *See Califano v. Sanders,* 430 U.S. 99, 107–09, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977); 20 C.F.R. §§ 416.1457(c)(1), 416.1487, 416.1488, 416.1489 (1996).

## C. ALJ's DECISION

In his order of February 18, 1995, the ALJ made the following findings:

1. The May 1991 reconsideration determination on the February 1991 application, the November 1981 initial determination on the October 1981 application, the June 1984 initial determination on the March 1984 application, and the October 1986 decision on the November/December 1984 application are not reopened (20 C.F.R. 416.1488(c)). *Res judicata* applies.

2. The November 1991 reconsideration determination on the April 1991 application is not reopened (20 C.F.R. 416.1488(b)). *Res judicata* applies.

3. The September 1992 initial determination on the July 1992 application is not reopened (20 C.F.R. 416.1488(a)). *Res judicata* applies.

4. The claimant has not engaged in substantial gainful activity since April 26, 1993.

5. The medical evidence establishes that the claimant has the following severe impairments: major depressive disorder, pancreatitis, history of heart surgery, and arthralgias. Nevertheless, he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

6. For the reasons more fully explained in the body of this decision, the claimant's testimony was not credible.

7. The claimant has the residual functional capacity to perform work-related activities except for work involving strenuous exertion. He must have the ability to alternate positions. Work should be repetitive. Absenteeism would be no more than one or two days a month (20 C.F.R. 416.945).

8. The claimant has no relevant past work history.

9. The claimant is currently 32 years old, which is defined as being a younger person (20 C.F.R. 416.963), and he has a limited education (20 C.F.R. 416.964).

10. Considering the claimant's age, education, past relevant work, and residual functional capacity, there are a significant number of other jobs in the national economy which he could perform. Examples of representative occupations are: appointment clerk and hardware assembler. These occupations represent jobs occurring in significant numbers in the national economy.

11. The claimant has **not** been under a "disability," as defined in the Social Security Act, as amended, since April 26, 1993 (20 C.F.R. 416.920(f)).

(Tr. 16–26).

## D. STANDARD OF REVIEW

■ This Court's review of the Commissioner's decision is limited to determining whether her findings are supported by substantial evidence and whether she applied correct legal standards in making her decision. *Hargis v. Sullivan,* 945 F.2d 1482, 1486 (10th Cir.1991). To the extent that the Commissioner's factual findings are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hargis,* 945 F.2d at 1486; *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, (1971); *Fowler v. Bowen,* 876 F.2d 1451, 1453 (10th Cir.1989). A finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Trimiar v. Sullivan,* 966 F.2d 1326, 1329 (10th Cir.1992) (quotations and citations omitted). The Court's duty is not to reweigh the evidence, however, or substitute its decision for that of the ALJ. *See Hamilton v. Secretary of Health and Human Servs.,* 961 F.2d 1495, 1500 (10th Cir.1992); *Fowler,* 876 F.2d at 1453, *Hargis,* 945 F.2d at 1486.

## E. DISCUSSION

■ Wiley has the burden of proving disability under the Act. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir.1989). The Act defines "disability" as the inability to engage in any substantial gainful activity for at least twelve months due to a medically determin-

**450**

able impairment. 42 U.S.C.A. § 423(d)(1)(A) (1996). The law states as follows:

An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C.A. § 423(d)(2)(A).

To determine whether a claimant is under a disability, the Secretary applies a five-step sequential evaluation: (1) whether the claimant is currently working, (2) whether the claimant suffers from a severe impairment or combination of impairments, (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation, (4) whether the impairment prevents the claimant from continuing his past relevant work, and (5) whether the impairment prevents the claimant from doing any kind of work. 20 C.F.R. §§ 404.1520, 416.920 (1996).

■ The ALJ decided that plaintiff is not disabled at the fifth step—the step at which the fact finder must determine whether the claimant has the residual functional capacity to perform other work in the national economy in view of his age, education, and work experience. *Bowen v. Yuckert,* 482 U.S. 137, 148, 107 S.Ct. 2287, 2294, 96 L.Ed.2d 119 (1987). The Secretary bears the burden of proof at step five. *Id.* at 146, n. 5, 107 S.Ct. at 2294, n. 5.

Plaintiff contends that the ALJ erred in deciding his claim and that the Secretary's decision is not supported by substantial evidence. Specifically, plaintiff claims that (1) the ALJ's credibility assessment was not

supported by the record, (2) the ALJ failed to consider how plaintiff's psychiatric impairments would affect his ability to work and maintain employment, and (3) the ALJ erred in relying on the testimony of the vocational expert because the testimony was based on a faulty hypothetical.

First, plaintiff claims that the ALJ did not apply the proper standard for evaluating his complaints of pain. Specifically, plaintiff argues that his pain is disabling and that the ALJ may not reject his subjective testimony merely because his complaints are not fully corroborated by objective medical evidence.

■ In *Luna v. Bowen,* 834 F.2d 161 (10th Cir.1987), the Tenth Circuit Court of Appeals articulated the proper framework for analyzing evidence of disabling pain. In stated in *Luna,* the relevant factors are (1) whether claimant proves with objective medical evidence an impairment that causes pain; (2) if so, whether a loose nexus exists between the impairment and the subjective complaints of pain; and (3) if so, whether the pain is disabling based upon all objective and subjective evidence. *See Glass v. Shalala,* 43 F.3d 1392, 1395 (10th Cir.1994). In the final step, the ALJ is to consider the following factors:

the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Huston v. Bowen,* 838 F.2d 1125, 1132 (10th Cir.1988).

In analyzing plaintiff's credibility, the ALJ relied on several of the factors listed above. The ALJ found that despite claimant's complaints of fatigue and pain, he is able to concentrate and his lifestyle, although restricted, is not consistent with total disability. (Tr. 20). The ALJ found plaintiff able to concentrate on tasks. Claimant spends much of his time watching television, movies, and performing household chores. (Tr. 23). He

lives alone in a HUD subsidized apartment and attends to personal needs without assistance. (Tr. 20). Plaintiff does his own house work, fixes food, washes dishes, and does laundry. (Tr. 20). In addition, he demonstrates no marked difficulty in socialization or restrictions of daily activities. His friends visit on weekends: they drink beer, take plaintiff to the grocery store, and play cards or dominos. (Tr. 20). Thus the ALJ found that while Wiley may have some discomfort and fatigue, his testimony regarding the extent of his disability was not credible.

■ The lack of objective medical evidence also factored into the ALJ's credibility determination. Plaintiff claims that as a result of the heart surgery in 1976, he experiences chest pain for which he takes Tylenol. (Tr. 19). The ALJ determined that although plaintiff has complained of chest pain to his family physician, no significant abnormalities have been noted on clinical examination. (Tr. 21). Plaintiff also asserts that he has "arthritis" in his lower back which causes pain when he stands or overexerts. He treats the pain with a cream. Plaintiff has no side-effects from the cream or any other medication. (Tr. 19). Plaintiff asserts that he has problems with his liver and pancreas, and describes the pain in his side and stomach. According to plaintiff, the pain comes and goes and is brought on by eating greasy or spicy foods or drinking beer. (Tr. 19–20). The record shows that the pancreatitis is controlled with proper diet and medication (Tr. 462, 475, 571, 574–75, 596), however, and medication for plaintiff's pancreatitis reduces the pain. (Tr. 20). If an impairment can be reasonably controlled by treatment or medication, it cannot be considered disabling. *Johnson v. Bowen,* 864 F.2d 340, 348 (5th Cir.1988).

■ After reviewing the medical documentation, the ALJ determined that objective medical evidence did not support plaintiffs claims of lower back pain, side pain, and stomach pain. (Tr. 21–22). Lack of objective medical evidence to support the degree of pain alleged by claimant is an important factor to be considered. *Luna v. Bowen,* 834 F.2d 161, 165–66 (10th Cir.1987). The ALJ noted that no treating or examining source has ever suggested that plaintiff is disabled, while several such sources have suggested the opposite. (Tr. 23). The ALJ failed to find an impairment or combination of impairments that could reasonably be expected to produce the level of disability alleged by the claimant. "Subjective complaints of pain may be discounted if there are inconsistencies in the evidence as a whole." *Box v. Shalala,* 52 F.3d 168, 171 (8th Cir.1995) (quoting *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984)).

■ Another factor the ALJ considered in making his credibility determination was plaintiff's minimal level of treatment and his almost total lack of cooperation regarding treatment. (Tr. 23). Plaintiff is not receiving physical therapy. (Tr. 23). Plaintiff is using minimal medication. Allegations of disabling pain may be discounted if there are inconsistencies such as minimal or conservative medical treatment. *Campbell v. Bowen,* 822 F.2d 1518, 1522 (10th Cir.1987); *see also Stogsdill v. Sullivan,* 1991 WL 179315 (D.Kan.1991). The ALJ also pointed to contradictory statements made by plaintiff regarding his degree of pain. (Tr. 23).

■ In reviewing the ALJ's credibility determinations, the Court should "defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility." *Casias v. Secretary of Health and Human Servs.,* 933 F.2d 799, 801 (10th Cir.1991). "Credibility is the province of the ALJ." *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495, 1499 (10th Cir.1992). In this case, the Court finds that the ALJ's conclusion regarding credibility is supported by substantial evidence in the record. The Court therefore rejects plaintiff's challenge to the finding concerning subjective complaints of pain.

Second, plaintiff claims that the ALJ failed to consider how his psychiatric impairments would affect his ability to work and maintain employment. The plaintiff asserts that he is depressed, a central reason being that his mother has Alzheimer's disease and he rarely sees her due to a lack of transportation. Plaintiff denied being suicidal.

The record is clear that the ALJ did consider plaintiff's psychiatric impairments.

The ALJ noted that consultative examinations in 1991 and 1992 did not indicate mental impairment. (Tr. 22). In mid–1993, after complaining of insomnia and loss of appetite, plaintiff was diagnosed with major depressive disorder, single episode, and dysthymia, primary. (Tr. 22). Plaintiff did not meet the "Criteria for Severely and Persistently Mentally Ill Adult or Child" (Tr. 22), however, and he did not pursue continued treatment. (Tr. 22). The ALJ also noted that plaintiff is not being treated for emotional problems at this time due to lack of transportation. (Tr. 20). The ALJ found that the objective medical evidence is not consistent with the levels of alleged mental impairment. (Tr. 23). The ALJ also concluded that plaintiff would not have problems with concentration due to a physical or mental impairment. (Tr. 24).

The mere presence of a mental disturbance does not automatically indicate a severe disability. *Bernal v. Bowen,* 851 F.2d 297, 301 (10th Cir.1988). A mental disturbance, in order to be disabling, must result in a severe functional loss establishing an inability to engage in substantial gainful activity. *Trenary v. Bowen,* 898 F.2d 1361, 1364 (8th Cir.1990). The ALJ considered plaintiff's alleged mental impairments. His conclusion that plaintiff's mental impairment did not restrict his ability to work and maintain a job is supported by substantial evidence in the record.

Finally, plaintiff claims that the vocational expert testimony was based on a faulty hypothetical. Specifically, plaintiff contends that the question did not adequately describe his impairments and limitations. In addition, plaintiff contends that the ALJ erred by not considering plaintiff's complaints of pain in determining whether plaintiff could perform work activities for a significant period of time.

Hypothetical questions must include a full description of a claimant's impairments in order for the testimony elicited by such questions to constitute substantial evidence to support the ALJ's decision. *Hargis v. Sullivan,* 945 F.2d 1482, 1492 (10th Cir. 1991). In formulating his hypothetical question, however, the ALJ need not include alleged limitations that he does not accept as true. *SeeRoberts v. Heckler,* 783 F.2d 110, 112 (8th Cir.1985). The ALJ may restrict his questions to those limitations he has found to exist based upon substantial evidence in the record. *Gay v. Sullivan,* 986 F.2d 1336, 1341 (10th Cir.1993).

The Court has already upheld the ALJ's finding that plaintiff's subjective allegations of pain are not credible. A claimed impairment that is found to be not credible or is otherwise not supported by substantial evidence need not be included in a hypothetical. *See Jordan v. Heckler,* 835 F.2d 1314, 1316 (10th Cir.1987). Therefore the ALJ did not err in relying on the vocational expert's testimony elicited by a hypothetical question that included only those impairments the ALJ found to be credible.

After careful consideration of the record and the parties' arguments, the Court concludes that the record contains substantial evidence to support the ALJ's determination.

**IT IS THEREFORE ORDERED** that plaintiffs *Motion for Judgment* (Doc. # 6) reversing the Secretary's decision is denied. The Clerk is directed to enter judgment affirming the denial of benefits.