**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 5 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

LINDA M. WILSON,

Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

Defendant-Appellee.

No. 99-3310
(D.C. No. 98-CV-1194-MLB)
(D. Kan.)

ORDER AND JUDGMENT    *

Before **BRORBY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Linda M. Wilson appeals from the district court's order affirming the Commissioner's denial of social security disability benefits. We examine the record as a whole to determine whether the Commissioner's decision is supported by substantial evidence and adheres to applicable legal standards. See Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994). For the reasons stated below, we affirm the district court's order affirming the Commissioner's denial of benefits.

An administrative law judge (ALJ) issued his decision denying benefits on January 26, 1996. He found appellant not disabled at step five of the five-step analysis followed in social security disability benefits cases. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (explaining five-step analysis). The ALJ noted that although appellant testified to leg and back pain, all of her physicians had stated that her symptoms were not consistent with the medical findings, and there was no medical evidence that would support the degree of pain alleged.

On February 3, 1996, appellant applied for review by the Appeals Council. On May 6, 1997, while the case was on review with the Appeals Council, Dr. James D. Anderson wrote appellant's counsel a letter in which he diagnosed appellant with arthritis. Dr. Anderson opined that appellant suffered from "one of the seronegative spondyloarthropathies." Appellant's App. at 300. He stated that

this condition was associated with numerous problems, including "an asymmetric inflammatory polyarthritis, prolonged morning stiffness, an inflammatory process in her knee . . . and multiple allergies to . . . medications." Id.

Appellant's counsel mailed a copy of this letter to the Appeals Council on or about May 27, 1997. See id. at 298. The Appeals Council denied review without any reference to the letter. See id. at 4 (stating only that "[i]n reaching this conclusion [to deny review], the Appeals Council has considered the applicable statutes, regulations, and rulings in effect as of the date of this action"). Moreover, the Appeals Council failed to make Dr. Anderson's letter part of the administrative file. [2]

Appellant argues that the Commissioner erred in failing to consider Dr. Anderson's letter in evaluating her application for disability benefits. The applicable regulations require the Appeals Council to consider evidence submitted in support of a request for review, if the additional evidence is (a) new; (b) material; and (c) "relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. §§ 404.970(b); 404.976(b)(1). If the

---

[2]    If new evidence is presented directly to a reviewing court, the court may remand to the Commissioner only if the evidence is material and the claimant shows "good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). That standard is not applicable here, however, because the parties agree that the evidence was first submitted to the Appeals Council.

Appeals Council fails to consider qualifying new evidence, the case should be remanded for further proceedings.

Whether Dr. Anderson's letter qualifies as new, material and chronologically relevant is a question of law subject to our de novo review. See Box v. Shalala, 52 F.3d 168, 171 (8th Cir. 1995). In this case, we need not decide whether the letter is new or material, because appellant has failed to show that it is chronologically relevant.

The ALJ reached his decision on January 26, 1996. Dr. Anderson did not write his letter until more than fifteen months later. While there is some indication in the letter that the arthritis treatment was ongoing, there is nothing in the letter indicative of appellant's condition on or before January 26, 1996. Moreover, appellant's principal complaint at the ALJ hearing did not relate to arthritis of the knee; instead, she complained of pain in the lower calf of her left leg. The Appeals Council did not err in failing to consider the letter, and remand is not required to allow it to do so.

Citing O'Dell v. Shalala, 44 F.3d 855 (10th Cir. 1994), appellant further contends that we are obligated to review the entire record, including the rejected evidence, to determine whether the Commissioner's decision is supported by substantial evidence. Additional evidence submitted to the Appeals Council becomes part of the administrative record only where that evidence meets the

qualifications of 20 C.F.R. § 404.970(b).      Cf. O'Dell, 44 F.3d at 859 (quoting

§ 404.970(b) and concluding that such evidence is considered if "new" and

"material").  Since the evidence here is not relevant to the appropriate time

period, it does not qualify as record evidence.  Consequently, we do not consider

it in evaluating whether the record contains substantial evidence to support the

Commissioner's decision.

Appellant makes no argument that the Commissioner's decision lacks

substantial evidence, if Dr. Anderson's letter is not placed in the balance.  Our

review of the record convinces us that such an argument would fail in any event.

The judgment of the United States District Court for the District of Kansas is

therefore AFFIRMED.

Entered for the Court


Wade Brorby
Circuit Judge