# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2148

_____

Glen J. Lamp,                               *
                                            *
            Appellant,                      *
                                            *   Appeal from the United States
      v.                                    *   District Court for the
                                            *   Southern District of Iowa.
Michael J. Astrue, Commissioner             *
of Social Security.                         *

_____

Submitted: January 16, 2008
Filed: July 7, 2008

_____

Before WOLLMAN, BRIGHT, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Glen Lamp applied for disability insurance benefits and supplemental security income benefits. The Administrative Law Judge (ALJ) determined that Lamp was disabled on November 3, 2002, but his disability ended after December 1, 2003. Lamp was granted benefits for this closed period, but the ALJ denied him benefits after December 1, 2003. The Appeals Council refused to review the ALJ's determination, and the district court upheld the Commissioner's decision. On appeal, Lamp argues that substantial evidence does not support the denial of benefits. We affirm in part and reverse in part.

## I. *Background*

On May 12, 2003, Lamp applied for disability insurance benefits and supplemental security income benefits, alleging an onset of disability on November 3, 2002, when he was 30 years old. Lamp claimed that he suffered a closed head injury on November 10, 2001, that caused a lack of concentration, an impairment of his memory, and outbursts of anger. He testified that after a brief convalescent period, he returned to work and remained employed until November 2002.

The ALJ found that Lamp experienced a closed period of disability from November 3, 2002, when he could no longer maintain a normal job, until December 1, 2003. The Appeals Council affirmed. The ALJ's decision relied primarily on evidence of improvement in Lamp's condition found in his medical records. Specifically, Dr. John J. Ciaccio, Lamp's treating physician, considered Lamp's depression to be in remission and noted that Lamp's anger episodes had ceased.

Despite the apparent improvement noted in Lamp's records, Dr. Ciaccio subsequently stated, in a letter submitted to the ALJ by Lamp, that Lamp remained disabled. Dr. Ciaccio did not appear at the hearing, but after the hearing and before making a decision, the ALJ attempted to contact Dr. Ciaccio. The ALJ wanted to give Dr. Ciaccio an opportunity to harmonize his medical records with his apparently contradictory letter. The ALJ's efforts to contact the doctor were unsuccessful. Given the apparent contradiction in the evidence submitted by Lamp, the ALJ discredited Dr. Ciaccio's statement of continued disability and instead relied mainly on the evidence in the doctor's medical records. In addition to Dr. Ciaccio's medical records, the ALJ also considered his own observations of Lamp at the hearing and the testimony of a vocational expert who found that while Lamp was disabled on November 2, 2002, this disability concluded by December 1, 2003.

Lamp asked for a reconsideration by the Appeals Council. He provided a statement from Dr. Ciaccio for the Appeals Council's consideration. In this undated

letter, Dr. Ciaccio stated that his treatment notes did not evaluate Lamp's ability to work but rather documented his progress with respect to the prescribed medication. In addition to the undated letter, Lamp also submitted two other letters from Dr. Ciaccio, one dated September 23, 2004, and the other dated December 1, 2003—both discussed Lamp's continued disability. The Appeals Council also noted that it had received additional evidence and made that evidence a part of the record. This evidence consisted of a statement from Dr. Ciaccio dated September 23, 2004, and was marked in the record as Exhibit 10F. After considering all of the evidence, the Appeals Council declined review and declared that the ALJ's decision was the final decision of the Commissioner.

Lamp appealed to the United States District Court for the Southern District of Iowa. The district court held that the Commissioner's decision was supported by substantial evidence on the record as a whole and affirmed the decision of the ALJ.

## II. *Discussion*

Lamp raises two principal arguments on appeal. First, he argues that the ALJ erred in basing his assessment on the ALJ's own observations at the hearing. Second, he contends that the ALJ improperly discounted the opinions of Lamp's treating physician and that the Appeals Council erred in its review of this decision because it failed to evaluate all of the new and material evidence that Lamp submitted.

"We review de novo the district court's affirmance of the Commissioner of Social Security's denial of social security benefits." *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007) (citing *Bowman v. Barnhart*, 310 F.3d 1080, 1083 (8th Cir. 2002)). In reviewing the Commissioner's decision, our inquiry is confined to determining whether there is substantial evidence on the record as a whole—requiring an examination of the record for both the evidence supporting the Commissioner's decision and evidence that detracts from that decision. *Id*. (citing *Bowman*, 310 F.3d at 1083).

-3-

A. *Relevance of ALJ's Observations of Lamp*

Lamp argues that the ALJ erred by considering its own observations when making an assessment regarding Lamp's disability. We conclude that the ALJ did not err when it based its decision, in part, on the ALJ's observations of the claimant.

While the ALJ's observations cannot be the sole basis of his decision, it is not an error to include his observations as one of several factors. *Cf. Jones v. Callahan*, 122 F.3d 1148, 1151 (8th Cir. 1997) ("When an individual's subjective complaints of pain are not fully supported by the medical evidence in the record, the ALJ may not, *based solely on his personal observations*, reject the complaints as incredible.") (emphasis added). Here, to reach his conclusion, the ALJ combined his review of the record as a whole with his personal observations. Our precedent, including *Jones*, does not forbid this.

B. *Evaluation of Lamp's Treating Physician's Opinion*

The ALJ discounted Dr. Ciaccio's December 1, 2003, opinion that stated that Lamp continued to be disabled. For support, the ALJ cited, in part, an apparently irreconcilable discrepancy between the December 1, 2003, letter and the doctor's treatment notes. Dr. Ciaccio failed to provide an explanation to the ALJ, despite repeated requests. However, Dr. Ciaccio did submit an explanation to the Appeals Council during its review of the ALJ's denial order. Lamp argues that there is no evidence in the Appeals Council opinion that this evidence was considered when the Appeals Council reviewed Lamp's appeal.

Under agency regulations, the Appeals Council must consider additional evidence that is new, material, and relates to the period on or before the date of the ALJ's decision. 20 C.F.R. § 404.970(b). "To be 'new,' evidence must be more than merely cumulative of other evidence in the record." *Bergmann v. Apfel*, 207 F.3d 1065, 1069 (8th Cir. 2000). And evidence is material if it is "relevant to claimant's condition for the time period for which benefits were denied." *Id*.

-4-

In identifying the additional evidence on which it relied in denying Lamp's petition for review, the Appeals Council only references a statement dated September 23, 2004. Although Lamp's attorney failed to mention Dr. Ciaccio's undated letter as a separate document in his letter to the Appeals Council, the record clearly indicates that Lamp's attorney submitted this undated letter along with Dr. Ciaccio's September 23 statement.

Whether the Appeals Council reviewed the undated letter when it considered Dr. Ciaccio's September 23 statement is not clear from the record. The Appeals Council noted that it considered new evidence, namely "John J. Ciaccio, MD, statement dated September 23, 2004, in the record as Exhibit 10F." The record, however, does not clearly indicate whether Exhibit 10F included both the September 23 statement from Dr. Ciaccio and his later undated explanatory letter.

In deciding this matter, the ALJ felt that an explanation of the discrepancy between Dr. Ciaccio's treatment notes and his December 1, 2003, narrative statement would be helpful in assessing the weight to give to the doctor's opinion regarding the state of Lamp's health in December 2003. The undated letter is the explanation that the ALJ requested. Because we are unable to discern whether the Appeals Council considered this new and material evidence, we remand this case to the district court with instructions to remand to the ALJ. *See Gartman v. Apfel*, 220 F.3d 918, 922 (8th Cir. 2000) (ordering a remand to the ALJ where the record did not clearly indicate whether the Appeals Council considered new and material evidence that was submitted after the ALJ's decision). On remand, the ALJ should consider whether the undated letter from Dr. Ciaccio adequately explains the discrepancy between his treatment notes and his December 1, 2003, statement.

## III. *Conclusion*

Accordingly, we affirm the ALJ's decision to include his own observations of Lamp in his decisionmaking process. We reverse the ALJ's decision to discount the

opinion of Lamp's treating physician and remand for an evaluation of the undated letter from Lamp's physician. If possible to do so, it may be helpful to obtain further amplification from Dr. Ciaccio by deposition or otherwise.

_____