# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1882

_____

Carl Whitney,                              *
                                           *
            Appellant,                     *
                                           *    Appeal from the United States
      v.                                   *    District Court for the
                                           *    Eastern District of Arkansas.
Michael J. Astrue, Commissioner,           *
Social Security Administration,            *
                                           *
            Appellee.                      *

_____

Submitted: January 10, 2012
Filed: February 15, 2012

_____

Before RILEY, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Carl Whitney appeals the district court's affirmance of the Social Security Commissioner's (Commissioner) decision to deny him disability benefits and supplemental security income under the Social Security Act (the Act). In this appeal, Whitney claims that the district court should have found that he submitted a medical report from Dr. Mary Ellen Ziolko to the Appeals Council that was not considered and that his case should therefore have been remanded to the Appeals Council for consideration of the new and material evidence. We agree that the district court should have determined whether Whitney properly submitted the new evidence under

20 C.F.R. § 404.970(b), and thus we remand this matter to the district court to make that determination.

In August 2007, Whitney filed his application for disability insurance benefits under Title II of the Act, 42 U.S.C. § 423, and for supplemental security income under Title XVI of the Act, 42 U.S.C. § 1382. Whitney alleged disability due to various physical conditions including arthritis, back and neck pain, breathing problems, as well as mental deficiencies and depression. After the initial denial and reconsideration, an Administrative Law Judge (ALJ) conducted a hearing on July 9, 2009, and issued a decision on September 9, 2009, determining that Whitney was not disabled under the Act. As relevant, the ALJ determined that the record did not establish any mental impairment such as a cognitive or intelligence quotient (IQ) deficiency.

On February 11, 2010, Whitney was seen by Dr. Mary Ellen Ziolko, a psychologist. In a report, Dr. Ziolko determined that Whitney had a full-scale IQ of 57 and fell in the mild retardation range in reading, spelling, and arithmetic. She also diagnosed him with a depressive disorder and assigned him a Global Assessment Functioning score of 50.

Whitney contends that on February 19, 2010, he submitted Dr. Ziolko's report to the Appeals Council via facsimile. However, when the Appeals Council's decision denying Whitney's request for review was issued on May 24, 2010, it failed to acknowledge receipt of the report. The Appeals Council decision did, however, recognize that it had received other additional evidence that Whitney submitted after the ALJ issued his decision.

In his appeal to the district court, Whitney argued that the Appeals Council failed to consider Dr. Ziolko's report and attached a copy of the report to his brief. Whitney also attached a copy of the facsimile transmission report showing that, at

least according to his counsel's facsimile machine, the report was received by the Appeals Council. Whitney's brief to the district court went astray in arguing that "[t]o remand a case, new evidence must be material, and there must be 'good cause for the failure to incorporate such evidence into the record in a prior proceeding.' 42 U.S.C. § 405(g)." (Whitney's Br., Doc. 12, at 11.) However he also argued that remand was appropriate under 20 C.F.R. § 404.976(a)(1), 20 C.F.R. § 404.970(b), and Lamp v. Astrue, 531 F.3d 629 (8th Cir. 2008). In response, the Commissioner addressed only whether remand was appropriate under sentence six of 42 U.S.C. § 405(g), focusing largely on Whitney's failure to show good cause for not submitting the report to the ALJ. The district court likewise considered Dr. Ziolko's report only under 42 U.S.C. § 405(g), holding Whitney "[did] not explain why the report of Dr. Ziolko could not have been obtained in a timely fashion . . . [and] [a]s a result, there is not good cause for considering the report." (Order at 5.)

Before this court, Whitney acknowledges that his appeal brief to the district court "could have been more articulate," but he maintains that the basis for remand under the regulations was stated and should have been considered by the district court. The Commissioner responds that Whitney only requested relief under 42 U.S.C. § 405(g), and thus has waived any argument on the regulations.

The regulation at issue provides:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and

material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision.

20 C.F.R. § 404.970(b).[1]

"Under this regulation, if a claimant files additional medical evidence with a request for review prior to the date of the [Commissioner's] final decision, the Appeals Council MUST consider the additional evidence if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990) (emphasis in original). The Appeals Council's failure to consider the evidence "may be a basis for remand by a reviewing court." Box v. Shalala, 52 F.3d 168, 171 (8th Cir. 1995).

In Lamp, we addressed a similar situation. There, the ALJ was concerned about an apparent conflict between the treating physician's medical records and a separate letter the physician submitted to the ALJ opining that the petitioner was disabled. Lamp, 531 F.3d at 631. Attempts by the ALJ to contact the physician prior to issuance of a decision were unsuccessful, but after the ALJ issued his opinion denying benefits, petitioner submitted to the Appeals Council an undated letter and

---

[1]We note that the regulations also provide:

> The Appeals Council will consider all the evidence in the administrative law judge hearing record as well as any new and material evidence submitted to it which relates to the period on or before the date of the administrative law judge hearing decision. If you submit evidence which does not relate to the period on or before the date of the administrative law judge hearing decision, the Appeals Council will return the additional evidence to you with an explanation as to why it did not accept the additional evidence and will advise you of your right to file a new application.

20 C.F.R. § 404.976(b)(1).

a separate, dated letter from the treating physician explaining the discrepancy between the treating notes and his opinion of disability. Id. In its order denying review, the Appeals Council noted that it had received additional evidence and had made that part of the record in the case, but the Appeals Council only referenced the dated letter as having been received and considered. Id. We determined that "the record clearly indicate[d] that [petitioner's] attorney submitted th[e] undated letter along with [the treating physician's dated] statement," but we could not determine "[w]hether the Appeals Council reviewed the undated letter when it considered [the treating physician's dated] statement." Id. at 632. Thus, we remanded the matter to the district court with instructions to remand to the ALJ "[b]ecause we [were] unable to discern whether the Appeals Council considered this new and material evidence." Id. at 633.

Whitney argued to the district court that he submitted new, material evidence to the Appeals Council that was not considered by the Appeals Council. In support, he attached a copy of Dr. Ziolko's report along with a facsimile transmission sheet showing that the facsimile transmitted correctly. The district court did not consider whether the report had been properly submitted under 20 C.F.R. § 404.970(b). Rather the court focused on whether the report could be considered under 42 U.S.C. § 405(g) and determined that Whitney had failed to show good cause for not submitting the report sooner.

The Commissioner's brief is silent on the question of whether Whitney in fact timely submitted Dr. Ziolko's report to the Appeals Council. Under questioning at oral argument, the Commissioner refused to admit that the report was properly submitted to the Appeals Council. The Commissioner does not dispute, however, that under 20 C.F.R. § 404.970(b), new, material evidence may be submitted to the Appeals Council by facsimile or that Whitney has supplied a transmission sheet suggesting proper submission of the report. Instead, the Commissioner argues, because there is no evidence of the report in the administrative record, we should

assume that the report was not submitted and consider Whitney's request as being brought only under 42 U.S.C. § 405(g). As Whitney presented his argument to the district court, it is in the proper position to make the factual findings as to whether Dr. Ziolko's report was submitted in a manner provided for under the regulations.

Accordingly, we reverse and remand this matter to the district court to make an initial determination of whether Whitney timely submitted Dr. Ziolko's report to the Appeals Council as required under 20 C.F.R. § 404.970(b). If the district court finds that the report was timely submitted, it is directed to remand this matter to the Appeals Council for a determination of whether the evidence is new, material, and relates to the period on or before the ALJ's decision and, if these requirements are found to have been satisfied, for consideration with all of the other evidence in the administrative record. See 20 C.F.R. §§ 404.970(b), 404.976(b)(1).

Reversed and remanded.

RILEY, Chief Judge, concurring in part and dissenting in part.

I concur with the majority that this appeal should be remanded to the district court for factual findings regarding whether Whitney timely submitted Dr. Ziolko's report. Such findings are essential to determine if Whitney has made "a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding" as required by 42 U.S.C. § 405(g). If Whitney timely submitted the report, as his facsimile report seems to suggest, and the Appeals Council failed to consider it through no fault of Whitney's, Whitney arguably has made the requisite showing of good cause for the failure to incorporate the report into the administrative record.

But I am unable to join the majority's opinion to the extent it relies on Williams v. Sullivan, 905 F.2d 214 (8th Cir. 1990) and its progeny to suggest the federal courts

have (1) jurisdiction independent of § 405(g) to review the Appeals Council's compliance with its own regulations in a nonfinal agency action, and (2) authority to order remand to the Commissioner to consider additional evidence absent a showing of good cause. Although it is reasonable to conclude a disability claimant should have some recourse to the federal courts to ensure the agency complies with its own regulations, neither Whitney nor the panel in <u>Williams</u> has articulated a statutory basis for jurisdiction in the federal courts independent of § 405(g).[2]  I respectfully dissent in this part of the majority opinion.

_____

[2]At oral argument, Whitney reasonably suggested jurisdiction for such review may lie under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–06.  But Whitney did not even mention the APA in the district court or in his brief here or attempt to explain whether the de novo review the court used in <u>Williams</u> is the appropriate standard.